AO 472 (Rev. 6/05) Order of Detention Pending Trial

# United States District Court
### Eastern District of Michigan

United States of America          **ORDER OF DETENTION PENDING TRIAL**

v.

<u>Jaime De Lao-Rodriguez     /</u>       Case Number: 02-80302

        Defendant

In accordance with the Bail Reform Act, 18 U.S.C. §3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

### Part I – Findings of Fact

**☗** (1) I find that:

      **☗** there is probable cause to believe that the defendant has committed an offense

      **☗** for which a maximum term of imprisonment of ten years or more is prescribed in 21 U.S.C. § 841 or 846;

      **"** under 18 U.S.C. § 924(c).

**☗** (2) I further find that the defendant has not rebutted the presumption established by finding that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings

**☗** I find that the government has established by a preponderance of the evidence that there is a serious risk that the defendant will not appear.

**"** I find that the government has established by clear and convincing evidence that there is a serious risk that the defendant will endanger the safety of another person or the community.

### Part II – Written Statement of Reasons for Detention

**☗** I find that the credible testimony and information submitted at the hearing established the following factors under 18 U.S.C. § 3142(g):

      **☗** (a) nature of the offense - Long term, large scale cocaine distribution conspiracy.

      **☗** (b) weight of the evidence - Indictment establishes probable cause.

      **☗** (c) history and characteristics of the defendant -

            **☗** 1) physical and mental condition - Good health.

            **☗** 2) employment, financial, family ties - Strong employment history - current work involves money transferred to Mexico. Family in U.S. and Mexico.

            **☗** 3) criminal history and record of appearance - History of domestic abuse.

      **☗** (d) probation, parole or bond at time of the alleged offense - Probation terminated in July of 2006.

      **☗** (e) danger to another person or community - Large scale drug distribution; possessed 15 kilograms per count II of Indictment. This defendant has significant ties to Mexico, where he was born. He is skilled at the transfer of funds from the U.S. to Mexico. He faces substantial penalties upon conviction, and thus has both the ability and motivation to abscond to that nation. His business pursuits in the U.S. are short term. Pretrial Services recommends detention, and I fully agree.

### Part III – Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

           <u>s/Donald A. Scheer</u>

Date: November 13, 2006            *Signature of Judge*

           <u>Donald A. Scheer, United States Magistrate Judge</u>

           *Name and Title of Judge*